Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**FILED**

# UNITED STATES DISTRICT COURT

for the

*Western* District of

*San Antonio* Division

JUL 1 2 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## SA21CA0662 FB

Case No.

*(to be filled in by the Clerk's Office)*

WILLIAMS, JOHN B. III, PRO SE

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

TEXAS STATE COMM'N ON JUDICIAL
CONDUCT HON. DAVID C. HALL,CHAIR; HON.
JANIS HOLT, SECRETARY

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JOHN BERNARD WILLIAMS III PRO SE |
| Street Address | 7918 HATCHMERE CT |
| City and County | CONVERSE |
| State and Zip Code | TEXAS |
| Telephone Number | 210-430-1116 |
| E-mail Address | JBERNARD831@GMAIL.COM |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name      HON. DAVID C. HALL

Job or Title *(if known)*      CHAIR , TX SUP CT APPTD EXP 11/19/21

Street Address      300 W 15TH STREET #415

City and County      AUSTIN TRAVIS COUNTY

State and Zip Code      78701

Telephone Number      512-463-5533

E-mail Address *(if known)*      INFORMATION@SCJC.TEXAS.GOV

Defendant No. 2

Name      HON. JANIS HOLT

Job or Title *(if known)*      SECRETARY APPT'D BY GOVERNOR EXP 11/19/25

Street Address      300 W. 15TH STREET #415

City and County      AUSTIN TRAVIS COUNTY

State and Zip Code      78701

Telephone Number      512-463-5533

E-mail Address *(if known)*      INFORMATION@SCJC.TEXAS.GOV

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

USCA FIRST AMENMENT, REDRESS OF GRIEVANCES, 5 USC 7121, 28 USC 351, TITLE 5

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

     b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under

        the laws of the State of *(name)* _____, and has its

        principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____,

        and has its principal place of business in *(name)* _____.

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

        A COMPLAINT/GRIEVANCE WAS FILED WITH THE DEFENDANTS AND RECEIVED ON OCTOBER 29, 2020 ASSIGNED CJC NO. 21-0330. THE COMMISSION HAS OBSTRUCTED JUSTICE AND FAILED TO DISCLOSE FINDINGS IN A TIMELY MANNER CAUSING IRREPARABLE HARM AND INJURY TO THE PLAINTIFF. SEE ATTACHMENTS.

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

        OCTOBER 5 - 8, 2020

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    C.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

THE STATE JUDGE IN THE COMPLAINT HON. MELISA SKINNER, HAS VIOLATED ETHICAL IMPARTIAL STANDARDS OF JUSTICE, THE DEFENDANT HAS AN OBLIGATION TO INVESTIGATE SUCH MISCONDUCT REGARDING AN EX PARTE COMMUNICATION 1) AS A ROLE OF A PROSECUTOR ON JANUARY 31, 2020 IN A MOTION FOR CONTINUANCE HEARING , HEARD BY VISITING JUDGE CHARLES R. RAMSAY, COUNTY GOV'T OFFICE , 110 MARTIN LUTHER KING DR. SAN MARCOS TEXAS 78666 WITH MY TERMINATED ATTORNEY RICHARD E. LANGLOIS, 217 ARDEN GROVE STREET, SAN ANTONIO TEXAS 78215. AND

2)HON. SKINNER WAS LATER APPOINTED BY THE GOVERNOR IN AUGUST, 2020 TO THE SAME DISTRICT COURT AND CAUSE SHE ACTED AS A PROSECUTOR. HON. SKINNER HAS ME JAILED FOR INSUFFICIENT REASONS ON OCTOBER 5, 2020 WHILE A MOTION FOR BOND HEARING WAS FILED ON THE 29TH OF SEPTEMBER AFTER I FIRED MY COCONSPIRATOR RETAINED ATTORNEY.

HER MALICIOUS MISCONDUCT CONTINUED ON OCTOBER 8TH 2020 WHEN I ADDRESSED HER EX PARTE BIAS AND PREJUDICE AND LATER  RECUSED HERSELF BUT NOT BEFORE STATING ON THE TRANSCRIPT THAT SHE WAS NOT THE ATTORNEY FOR THE STATE AFTER THE CONSTITUTIONAL VIOLATIONS WERE EXPOSED.

OBSTRUCTION OF JUSTICE PLAYS OUT VERY CLEAR WHEN THE PLAINTIFF WAS ARRESTED ON JUNE 10, 2019 AND THIS CASE HAS BEEN A CLEAR DOCUMENTATION TO CONFIRM  OBSTRUCTION OF JUSTICE DUE TO VINDICTIVE AND SELECTIVE PROSECUTION.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

I HAVE LOST THOUSANDS OF DOLLARS DUE TO THIS PROSECUTORIAL AND JUDICIAL FISHING EXPEDITION WITH ILLEGAL DETAINMENT AND CO-CONSPIRACY COUNTER ACTIVITY .

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

I DEMAND MY RIGHT TO THE REDRESS OF GRIEVANCE FILED IN OCTOBER 29, 2020 REQUESTING THE 144TH DISTRICT COURT MONTHLY ACTIVITY REPORTS DISCLOSING THE JANUARY 31, 2020 SUPPORTING THE JUDICIAL MISCONDUCT MOTION FOR CONTINUANCE FILED, HEARD AND GRANTED WHICH WILL SHOW THE JUDGE IN MISCONDUCT WAS THE ATTORNEY FOR THE STATE . THUS THE DEFENDANTS FINDINGS OF FACT WILL SUPPORT CONSTITUTIONAL VIOLATIONS UNDER USCA 6TH AMENDMENT DUE PROCESS LAW VIOLATIONS BARRING ANY FURTHER PROSECUTION AT ANY LEVEL.TOWARD THE PLAINTIFF.

JURISDICTION PRESIDES IN THIS LOWER US COURT BECAUSE THE DEFENDANTS WERE APPOINTED BY THE EXECUTIVE BRANCH OF STATE GOVERNMENT AND THEREFORE A STATE REDRESS OF GRIEVANCE APPEAL WOULD BE A MOOT ISSUE.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         07/12/2021

Signature of Plaintiff

Printed Name of Plaintiff   JOHN BERNARD WILLIAMS III, PRO SE

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address    _____

# UNITED STATES DISTRICT COURT
## For the
## District of
## Division

**WILLIAMS, JOHN B. III**
**PRO SE PLAINTIFF**

**CASE NO.**

# SA21CA0662 FB

-V-

**TEXAS STATE COMMISSION ON**
**JUDICIAL CONDUCT;**
**HON. DAVID C. HALL, CHAIR,**
**HON. JANIS HOLT, SECRETARY**

# COMPLAINT AND REQUEST FOR INJUNCTION

## -SUPPORTING ATTACHMENTS-

1. LETTER OF CORRESPONDENCE FROM DEFENDANT (a-d)
2. DEFENDANT COMMISSION ACTIVITY
3. TEX. CODE JUD. CONDUCT PREAMBLE
4. DEFENDANT MISSION STATEMENT
5. PRIVATE ORDER FOR COURT ACTIVITY REPORTS
6. PRIVATE REPRIMAND REGARDING REMANDING NO RISK PLAINTIFF
7. PRO SE MOTION TO DISMISS TRANSCRIPT – JUDGE VOLUNTARY RECUSAL / PERJURY (25 PAGES)
8. PRIVATE ADMONITION 'EGREGIOUS LEGAL ERROR'
9. PRIVATE ORDER 'FAILURE TO CONDUCT REQUESTS'
10. PRIVATE ORDER ' FAILURE TO RESPOND TO SPEEDY TRIAL VIOLATIONS'
11. PRIVATE WARNING ' EMBROILED IN DISCOVERY DISPUTE'
12. PRIVATE REPRIMAND ' 22-MONTHS TIMELINESS DISPUTE'
13. PRIVATE REPRIMAND ' FAILURE TO EXECUTE COURT BUSINESS'
14. PUBLIC ADMONITION HON. WAYNE CHRISTIAN, BEXAR CTY CJC NOS. 19-1453, 19-1693 (3PGS. A-c) *ordered by defendant David Hall*
15. PUBLIC ADMONITION HON. MARK LUITJEN, BEXAR CTY CJC NOS. 19-0833 (3 PAGES A-C) *ordered by defendant David Hall*
16. PUBLIC STATEMENT NO. PS-2000-1, SCJC 'EX PARTE ERROR'

17. PUBLIC STATEMENT NO. PS-2013-1 SCJC ' EX PARTE DISCIPLINARY ACTION'
    (3 PAGES A-C)
18.  PRIVATE WARNING ' INTERVENING IN A PROCEEDING INVOLVING THE
    JUDGE'S RECUSAL'
19. PRIVATE ADMONITION ' FAILURE TO RECUSE [BEFORE ACCUSATION BY
    PLAINTIFF] '

SUBMITTED

JOHN B. WILLIAMS III
PRO SE PLAINTIFF

 **DO_NOT_REPLY_...** 11/2/2020

**to me, SCJC** ∨



*DAVID HALL*

Mr. Williams,

We received your complaint against a Texas judge on October 29, 2020, Thursday evening, at 7:03 p.m.  Your complaint was assigned CJC No. 21-0330.  If you have not received it yet, soon you will receive an acknowledgment letter.  It does take a while for us to review and investigate complaints as the Commission is a very small agency that receives a lot of complaints.  We will investigate your complaint, and once we have completed our investigation, we will present it to the Commission and notify you of their decision in writing.

STATE COMMISSION ON JUDICIAL CONDUCT

*1a.*

 **DO_NOT_REPLY_...** 11/1/2020

to me ∨

CJC NO. 21-0330


We have received your complaint
against a Texas judge. All complaints
receive a thorough review and
investigation relevant to the allegations,
and are presented to the Commission.
After its consideration, the Commission
may dismiss a complaint, impose
sanctions against a judge, or take other
appropriate action. The Commission's
actions are governed by Article V,
Section 1-a of the Texas Constitution
and Chapter 33 of the Texas
Government Code.

*16.*

are confidential. We are prohibited by Section 33.033(c) of the Texas Government Code from identifying by name the judge against whom you have filed a complaint. In order to assist us with our investigation, please reference the above-listed CJC case number in all future correspondence. Additionally, if you intend to submit additional documents for our consideration, please send photocopies.

For your additional assistance, we recommend you review our frequently asked questions (FAQ) section of our website, http://www.scjc.texas.gov/faqs.aspx.

We will inform you in writing of the Commission's action on your complaint.

*1c*

documents for our consideration, please send photocopies.

For your additional assistance, we recommend you review our frequently asked questions (FAQ) section of our website, http://www.scjc.texas.gov/faqs.aspx.

We will inform you in writing of the Commission's action on your complaint.

If you have any questions or need additional information, please contact our office. When calling, please mention the above-listed CJC case number so as to expedite your phone call.

*Id.*

**STATE COMMISSION ON JUDICIAL CONDUCT**

*October 21, 2020 - Present ≠ not Average Age*

## Table 1: Commission Activity

*→ Greater than intentionally*

| Item | FY 2018 | FY 2019 | FY 2020 | FY 2021 (YTD) |
|---|---|---|---|---|
| Cases Pending (Beginning FY/Ending FY) | 827/768 | 768/806 | 806/1067 | 1067/1190 |
| Cases Filed | 1593 | 1848 | 1518 | 1213 |
| Total Number of Cases Disposed | 1661 | 1694 | 1240 | 1133 |
| % of Cases Disposed/Filed | 104.26% | 91.67% | 81.69% | 93.40% |
| Average Age of Case Disposed (in months) | 6.33 | 5.99 | 6.28 | 7.74 |
| Disciplinary Action (total)[1] | 84 | 81 | 64 | |
| **Cases Disposed through:** | | | | |
| Criminal Conviction[2] | 0 | 1 | 0 | 7 |
| Review Tribunal Order | 0 | 0 | 0 | 0 |
| Special Court of Review Order | 0 | 0 | 8 | 2 |
| Voluntary Agreement to Resign in Lieu of Disciplinary Action | 7 | 4 | 1 | 1 |
| **Public Sanction** | | | | |
| Censure | 0 | 0 | 0 | 0 |
| Reprimand | 6 | 2 | 2 | 4 |
| Reprimand and Order of Add'l Education | 23 | 3 | 0 | 3 |
| Warning | 1 | 24 | 5 | 6 |
| Warning and Order of Add'l Education | 6 | 5 | 1 | 7 |
| Admonition | 7 | 15 | 8 | 9 |
| Admonition and Order of Add'l Education | 4 | 1 | 4 | 2 |
| Order of Add'l Education | 0 | 0 | 0 | 0 |
| **Private Sanction** | | | | |
| Reprimand | 2 | 4 | 4 | 0 |
| Reprimand and Order of Add'l Education | 2 | 3 | 0 | 2 |
| Warning | 7 | 6 | 25 | 5 |
| Warning and Order of Add'l Education | 12 | 4 | 3 | 3 |
| Admonition | 7 | 2 | 2 | 2 |
| Admonition and Order of Add'l Education | 2 | 1 | 5 | 1 |
| Order of Add'l Education | 4 | 0 | 0 | 2 |
| **Interim Disciplinary Action (total)** | | | | |
| Order of Suspension [15(a)] | 6 | 4 | 1 | 1 |
| Recommendation of Suspension to Supreme Court [15(b)] | 1 | 0 | 0 | 0 |
| Cases in Formal Proceedings | 1 | 3 | 3 | 0 |
| Dismissals (ADRs) | 1571 (870) | 1624 (880) | 1180 (763) | 1085 (770) |
| Requests for Reconsideration Received | 59 | 46 | 19 | 37 |
| Reconsideration Granted/Denied | 1/58 | 2/44 | 0/18 | 0/37 |
| Pending | 0 | 0 | 0 | 0 |
| Cases Appealed to Special Court of Review | 7 | 3 | 4 | 7 |
| Informal Hearings held | 24 | 36 | 15 | 14 |
| Public Statements Issued | 0 | 0 | 0 | 0 |

[1] Disciplinary Action includes sanctions, voluntary agreements to resign in lieu of disciplinary action, orders of suspension, and formal proceedings.

[2] Cases resolved through criminal convictions are dismissals.

*As of 5/30/21*

2.

## II. RELEVANT STANDARDS & BURDEN OF PROOF

The Code of Judicial Conduct establishes the basic standards that govern judicial conduct. Tex. Code Jud. Conduct, Preamble. Article V of the Texas Constitution provides that a judge may be disciplined for a "willful violation of the Code of Judicial Conduct." Tex. Const. art. V, § 1-a(6)(A). "Willful conduct requires a showing of intentional or grossly indifferent misuse of judicial office involving more than an error of judgment or lack of diligence." In re Sharp, 480 S.W.3d 829, 833 (Tex. Spec. Ct. Rev. 2013) (citing In re Davis, 82 S.W.3d 140, 148 (Tex. Spec. Ct. Rev. 2002)). The relevant inquiry is not whether the judge specifically intended to violate the Code of Judicial Conduct; rather, a willful violation occurs if the judge intended to engage in the conduct for which he or she is disciplined. In re Slaughter, 480 S.W.3d 842, 848 (Tex. Spec. Ct. Rev. 2015) (citing Davis, 82 S.W.3d at 148).

When, as here, a sanction is issued through an informal proceeding, our review "is by trial de novo as that term is used in the appeal of cases from justice to county court." Tex. Gov't Code Ann. § 33.034(e)(2). The Commission bears the burden of proving its

3.

Not Secure — scjc.texas.gov

★ Favorites

About ▾



# Mission Statement

Home    About    Mission Statement

The mission of the State Commission on Judicial Conduct is to protect the public, promote public confidence in the integrity, independence, competence, and impartiality of the judiciary, and encourage judges to maintain high standards of conduct both on and off the bench.

The Commission accomplishes this mission through its investigation of allegations of judicial misconduct or incapacity. In cases where a judge is found to have engaged in misconduct or to be permanently incapacitated, the Texas Constitution authorizes the Commission to take appropriate disciplinary action, including issuing sanctions, censures, suspensions, or recommendations for removal from office.

| Mailing Address | Physical Address | Phone | Finance |
|---|---|---|---|
| P.O. Box 12265 | 300 West 15th Street | Main (512) 463-5533 | Where the Money Goes |
| Austin, Texas 78711 | Austin, Texas 78701 | Toll Free: (877) 228-5750 | Legislative Appropriations Request |
| | | Fax (512) 463-0511 | Operating Budget |

Search

Priv OAE of JP (08/06/14).

Home    Discipline    Private Sanctions    FY 2014

PRIVATE ORDER OF ADDITIONAL EDUCATION OF A JUSTICE OF THE PEACE. (08/06/14).

The part-time judge failed to timely attend to and execute the business of his court. The canons provide that "the judicial duties of a judge take precedence over all the judge's other activities" and a judge's extra-judicial activities must not "interfere with the proper performance of judicial duties." The judge must take all reasonable steps to ensure his court is open and accessible to the public; that court business is promptly and appropriately handled in his absence; and that monthly activity reports are timely filed with the appropriate entities as required by law. [Violations of Canons 4A(2) of the Texas Code of Judicial Conduct and Article V, section 1-a(6)A of the Texas Constitution.] *Private Order of Additional Education of a Justice of the Peace.* (08/06/14).

*Handwritten annotations:*

Hon. Charles Ramsay - Visiting Judge/Motion for Continuance
San Marcos, Texas
Bexar City 144th Activity Reports
7/13/2006
08/06/2014
GRANTED AND Ordered
open record discovery 5.

| | Mailing Address | Physical Address | Phone | Finance |
|---|---|---|---|---|
| | P.O. Box 12265 | 300 West 15th Street | Main (512) 464-4900 | |
| | Austin, Texas 78711 | Austin, Texas 78701 | Toll Free (877) 228-5750 | |
| | | | Fax (512) 463-0511 | |

OLDER    NEWER

Title XII - Appendix of Forms (Abrogated) | 2021 Federal Rules of Civil Pro....

Not Secure — scjc.texas.gov

Priv Rep of a Senior Judge. (09/16/13)

# Priv Rep of a Senior Judge. (09/16/13)

Home · Discipline · Private Sanctions · FY 2014 · Priv Rep of a Senior Judge. (09/16/13)

Discipline

## PRIVATE REPRIMAND OF A SENIOR JUDGE. (09/16/13)

The judge failed to follow the law when he sua sponte remanded a defendant into custody and doubled her bond after she appeared in court without her attorney. There was no evidence in the record that (a) the defendant had missed a court date or was late for the hearing, (b) her bond was defective or insufficient, or (c) "other good and sufficient cause" existed for sending her to jail. Absent a record of the judge's reasons for finding the bond insufficient, one could conclude that the defendant served three days in jail simply because she came to court without her attorney. [Violation of Canon 2A of the Texas Code of Judicial Conduct.] *Private Reprimand of a Senior Judge. (09/16/13).*

OLDER

NEWER

Search

Physical Address

Phone
Phone (512) 463-5533
Toll-free (877) 228-5750
Fax (512) 463-0511

Finance

Resources

6.

Exhibit 3 (25 pages)

1

```
 1
 2                      2019-CR-6240
 3  STATE OF TEXAS              *      IN THE JUDICIAL DISTRICT
 4  V.                          *        144TH DISTRICT COURT
 5  JOHN WILLIAMS               *      BEXAR COUNTY, TEXAS
 6
 7
 8
 9
10  _____
11                      REPORTER'S RECORD
12                 HONORABLE MELISA SKINNER
13                      OCTOBER 8, 2020
14  _____
15
16
17
18
19
20           On the 8th day of October, 2020, the
21  above-entitled cause came on to be heard by
22  videoconference before the Honorable Melisa Skinner in
23  the 144th District Court of Bexar County, Texas,
24  whereupon the following proceedings were taken by
25  machine shorthand.
```

2

1

2  A P P E A R A N C E S

3  ATTORNEY FOR THE STATE OF TEXAS

4      Ms. Tiffany Miller
       Assistant District Attorney
5      Cadena-Reeves Justice Center
       San Antonio, TX  78205
6      210.431.0551

7

8  RESPONDENT JOHN WILLIAMS, PRO SE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THEM + THEY = US (CONFLICT OF INTEREST)

3

```
 1              P-R-O-C-E-E-D-I-N-G-S
 2              THE COURT:  We're going to go on the
 3  record.  I'm going to start a record on your case and
 4  then proceed, but we're going to have to get on YouTube.
 5  Are you ready to proceed at this point?
 6              MR. WILLIAMS:  Yes.  However, before we
 7  proceed, I overheard a different prosecutor prepared to
 8  argue something, where the questions that I raised are
 9  addressed to Brandon and Brandon alone.
10              THE COURT:  So let me just explain
11  something to you, Mr. Williams.  I don't know how many,
12  but I think there are over 300 prosecutors in that
13  office.  Any one of 'em can handle this case.  It does
14  not have to be Mr. Ramsey.  As a matter of fact, they
15  can bring someone we've never seen before down here to
16  handle this case; because they are all criminal
17  Assistant District Attorneys, they're all sworn in, and
18  they all represent the state.
19              So any complaints you may have against
20  Mr. Ramsey is actually against the State of Texas in
21  this courtroom.  You have filed a grievance against
22  Mr. Ramsey, and that's a separate place; that's a
23  separate proceeding and a separate place.
24              This is your case.  It has nothing to do
25  with any complaints that you might have against
```

THEN + THEY = US (CONFLICT OF INTEREST)
    ↳ SHOWING membership

4

1  Mr. Ramsey, at this point, where Mr. Ramsey would be
2  required to proceed on this case as the prosecutor.  I
3  don't know if I'm making myself clear.  If you complain
4  against an attorney, there's a separate forum for that.
5          Now, if it becomes an issue on this case,
6  any prosecutor, anyone can handle this for the State of
7  Texas.  And not I, nor you, nor anyone can tell the
8  prosecutors which prosecutor has to or will proceed as
9  the prosecutor on this case.  Any one of us could.  That    'us
10  is the way this works.  And again, I don't know what
11  else -- do we have some other issue?
12          MR. WILLIAMS:  I'm sorry?
13          THE COURT:  I mean, is there some other
14  issue that would require us not to proceed at this
15  point?
16          MR. WILLIAMS:  No, there's nothing.
17  There is nothing.
18          THE COURT:  I need to make certain you
19  understand that -- and I think you may have heard me
20  say, maybe not, Mr. Shaughnessy has a conflict right now
21  with time, he has to be somewhere else.  But since you
22  have not chosen to have him as your counsel representing
23  you, he does not have to be here.  However, if you want
24  to stop and you want him to represent you, all you have
25  to do is let me know, we'll stop the proceeding, and he

5

1  can be back here on Monday, okay?

2                   MR. WILLIAMS:  Not a problem, Your Honor.

3                   THE COURT:  Okay.  Marty, if you want to

4  go ahead and please put us on YouTube.

5                   MS. STILES:  Yes, ma'am, right now.

6                   (Discussion off the record.)

7                   MS. STILES:  You're live, Judge.

8                   THE COURT:  This is 2019-CR-6240, the

9  State of Texas versus Jonathan R. Williams.  Are you

10  Jonathan R. Williams, sir?

11                   MR. WILLIAMS:  Yes, Your Honor.

12                   THE COURT:  And just for the record I

13  want to make a couple things very clear.  You previously

14  have indicated to this court that you wanted to

15  represent yourself.  Is that still true?

16                   MR. WILLIAMS:  Yes, it is, Your Honor.

17                   THE COURT:  And also we are proceeding by

18  way of teleconferencing, so are you objecting to that,

19  or do you wish to proceed at this time?

20                   MR. WILLIAMS:  I wish to proceed at this

21  time, Your Honor.

22                   THE COURT:  And if you would, please, for

23  the record, indicate to the court exactly which motion

24  or motions you wish to proceed on at this time.

25                   MR. WILLIAMS:  To date we are going to

6

1  cover the motion for speedy trial violations, which also
2  included the alleged information that I have regarding
3  prosecutorial vindictiveness, and it also includes that
4  there is conspiracy allegations.

5            THE COURT:  All right.  Conspiracy
6  allegations against whom?

7            MR. WILLIAMS:  Conspiracy against the
8  State of Texas and Richard Langlois.

9            THE COURT:  Who is going to handle this
10  for the record for the State of Texas?

11            MS. MILLER:  I am, Judge, Tiffany Miller
12  for the state.

13            THE COURT:  Ms. Miller, are you ready to
14  proceed?

15            MS. MILLER:  Yes, Judge.

16            THE COURT:  All right.  So, Mr. Williams,
17  this is your motion.  Go ahead and call your first
18  witness, please.

19            MR. WILLIAMS:  There are no witnesses to
20  call, Your Honor.  All I have, according to my
21  evidentiary information, is I'd like to refer to mere
22  documents that could not be fabricated.  They are
23  clearly just evidence to support why I'm filing this
24  motion.

25            THE COURT:  Okay.  Let me just tell you

1   THE COURT:  It's constitutional, as well.
2   It's also constitutional.  All right.  You have a
3   constitutional right to speedy trial under the State of
4   Texas Constitution and the United States Constitution.
5   Proceed.
6   MR. WILLIAMS:  Okay.  As we begin, this
7   case is covering the time of nine months, which is --
8   the eight months is usually the standard amount of time
9   for speedy trial, and according to federal case law that
10  I submitted, eight months is enough time to do what
11  needs to be done.  However, when a case that was built
12  on prejudice, misapplication of law, and prosecutorial
13  vindictiveness from the very beginning, it's important
14  that the court be aware of these errors and these
15  tactics that are definitely unconstitutional,
16  persuasiveness and craftiness.  And the thing that I
17  really wish to address is the fact that how the State of
18  Texas can improperly influence a government elected
19  official in order for the order that was approved and
20  granted by Judge Ramsey is not -- is not being enforced
21  by this court in its fullness.
22  THE COURT:  You're going to have to --
23  which order are you -- to which order are you referring?
24  I'm going through the court's file.
25  MR. WILLIAMS:  Which order?

11

1              THE COURT:  So I have before me one

2  signed by Judge Ramsey.  I'm going through the court's

3  official file.  There is a --

4              MR. WILLIAMS:  January 31st -- I'm sorry.

5  I'm sorry, Judge.

6              THE COURT:  Okay.  Either you're going to

7  talk or I'm going to talk, okay?  So not both of us.

8  Let me explain why that's true.  We have a court

9  reporter here who is taking down everything that's being

10  said.  She can only take down one person at a time, all

11  right?  So you can't talk over me, and I can't talk over

12  you, or I'm going to tell her she doesn't have to take

13  it down, 'cause she can't hear and can't understand it.

14  So as long as we're talking over each other, you're not

15  going to have a record.  And it is important for you --

16  and here I go again.  It's important for you to have a

17  record that is clear, so I'm going to say we're not

18  going to talk over each other.

19              I have a motion -- I have an order in

20  front of me, and I want to know if this is what you're

21  referring to.  It is a defendant's motion for

22  continuance that was signed January 31st, 2020, by

23  Charles Ramsey.  Is that the order to which you're

24  referring?

25              MR. WILLIAMS:  Yes, it is, Your Honor.

1          THE COURT:  Then I'll take judicial
2    notice of that, because I can do that.  Even though you
3    have not asked me to do it, I can do it, because it's a
4    part of the court's file.
5          Go ahead.  What's next?
6          MR. WILLIAMS:  The February 7th motion,
7    whether it was oral or written, and that was presented
8    by the state, where Judge Ramsey also signed or agreed
9    to, according to the court documents.  Let the record
10   show I was trying to acquire this for this hearing, and
11   it appears that the clerks downstairs -- that the clerks
12   never had an order at all.  You know, they -- an
13   explanation of why the state decided to request for a
14   continuance.  So there was no way for me to even attempt
15   to rebut it or reach it at the time; it just says that
16   they requested for a continuance -- a second motion for
17   continuance.
18          MS. MILLER:  Judge, I'm going to object.
19   I don't think there's any evidence in the court's file
20   that shows the state ever asked for a continuance.
21          MR. WILLIAMS:  I have a copy of the
22   docket that I submitted that shows that the state did,
23   in fact, request for a second motion for continuance.
24   It's been submitted to you.  It's in the information
25   that I had filed on October 5th.  On October 5th I sent

1  five different sections.  One section says Exhibits, and
2  in the exhibits, the very first page shows the law
3  displayed, and I have it highlighted here --
4              THE COURT:  All right.  You're talking
5  about what you filed with the court, sir?
6              MR. WILLIAMS:  Yes, it is, yes.
7              THE COURT:  Okay.  I have a date -- I
8  have to ask you, the filing date on that is what date?
9  What date did you file that?
10              MR. WILLIAMS:  I filed it on the 5th.
11              THE COURT:  5th of what?
12              MR. WILLIAMS:  The 5th of October.
13  October 5th.
14              THE COURT:  Now, if you would, please,
15  refer again to what exact document, because there's a
16  lot here.  Which exact document are you referring?
17              MR. WILLIAMS:  I have -- I have a section
18  which was titled Exhibits, Your Honor.  And the very
19  first page --
20              THE COURT:  Hold on.  I haven't found it
21  yet.  I want to find it.
22              MR. WILLIAMS:  Okay.
23              THE COURT:  Hold on.
24              MR. WILLIAMS:  Okay.  Sorry, Your Honor.
25              THE COURT:  I have attachments that has a

1  judgment of absolute divorce on it.

2           MR. WILLIAMS:  That is not the section.

3  It's titled Exhibits.

4           THE COURT:  I'm looking.  I'm just

5  telling you what I do see, and that one's not really

6  titled.  I'm trying to find what you're telling me.  Is

7  it before or after that section?

8           MR. WILLIAMS:  I believe it was before.

9  No, it probably was after.  I'm sorry.  It was probably

10 after.

11          THE COURT:  Okay.  So I found that

12 section.  Which one of these documents -- to which one

13 of these documents are you referring?

14          MR. WILLIAMS:  Event log display that can

15 be given upon request in the clerk's office.

16          THE COURT:  And I do see that, and it

17 says February 7th, 2020, state's second motion for

18 continuance granted by Judge Ramsey.  However, this is a

19 problem, because I don't know that there was a first

20 motion for continuance, so I don't see that anywhere.

21          MR. WILLIAMS:  The --

22          THE COURT:  The second motion for

23 continuance -- I have a second motion for continuance

24 that was filed and granted, and that was another defense

25 motion for continuance.  That is part of the court's

1  file.  So there is a second motion for continuance that

2  was filed by the defense.

3            MR. WILLIAMS:  It says that it was filed

4  by the state.

5            THE COURT:  I see what yours says.  I am

6  saying to you that there is not a motion from the state

7  in the file that comes close to that day.  The motion is

8  from the defense.  So I know that is the entry, but I'm

9  telling you that, in the court's file, all I have is a

10 defendant's motion for continuance, and that was a

11 second motion for continuance, I believe, by the

12 defense.  So unless the state has any other -- actually,

13 here's another defense motion for continuance, as well,

14 and that one is March 9th of 2019.  And I believe this

15 is signed -- well, that's 2019.  I believe that was

16 signed by Judge Olivarri.  So there's a motion in 2019

17 for continuance by the defense.  The defendant's motion

18 for continuance again here that was filed January 29th,

19 2020, so those are both defense motions.  And I don't

20 have any motions in the file from the state, just

21 motions from the defense showing that the defense wanted

22 continuances.  So that's what I have, and I'm taking

23 judicial notice of the court's file.

24            Proceed, please.

25            MR. WILLIAMS:  The continuance that

1  was -- that was approved by Judge Ramsey from the

2  defense clearly stipulated that there needed to be a

3  SN1A request pertaining to military records, as well as

4  a military medical report.

5           THE COURT:  Do you have a copy of that

6  order?  Mr. Williams, I'm looking at that order, and all

7  that says -- the only thing this order says, defendant's

8  motion for continuance, said motion is granted,

9  January 31st, 2020, Charles Ramsey.  It does not give

10 any other orders to the State of Texas.  That's all it

11 says.

12          MR. WILLIAMS:  Richard Langlois presented

13 a copy that was sent by certified mail to the judge in

14 order to allow him to grant this motion.  I gave it to

15 him, and he presented it to the judge in person and

16 informed the judge by showing him that the SF180 form is

17 the requested document needed in order to have a proper

18 discovery.

19          THE COURT:  What is that form?

20          MR. WILLIAMS:  It is located in the

21 paperwork that I have submitted in the initial -- in the

22 initial motion to dismiss, which was on May 12th.  A

23 copy of it was attached, I believe --

24          THE COURT:  You have those numbered.

25 Which number?

1    MR. WILLIAMS:  Number 4.  I believe it's
2    number 4, your Honor.  I believe it's number 4, Your
3    Honor.

4    THE COURT:  That's a subpoena request
5    form.  Number 4 is the -- hold on, yep, that's a
6    subpoena request form.

7    MR. WILLIAMS:  Behind it, Your Honor,
8    there's a bunch of other documents, and it shows the
9    SF180.

10   THE COURT:  So you have them?

11   MR. WILLIAMS:  I'm sorry?

12   THE WITNESS:  You have them, then,
13   because you gave them to the court, so you have them.

14   MR. WILLIAMS:  Yes, I have them -- I
15   have -- I have copies of the -- of the same thing that
16   you have, Your Honor.

17   THE COURT:  So your complaint is what?
18   Because you have them.  So what is your complaint?

19   MR. WILLIAMS:  No, no, no.  I do not have
20   these records.  These records have been ignored by the
21   state.  Every time they've been questioned why, they
22   will not comply with the motion for continuance
23   requests.  They were supposed to comply and get the
24   information, not by asking her where her information
25   was.  All she had to do was sign this document, submit

1  it to the Randolph Air Force Base, and she would get --
2  the court would receive a sealed file pertaining to her
3  entire military record. And then as you look at
4  further --

5          THE COURT: So hold on, Mr. Williams.
6  Now we're not talking about your speedy trial issue.
7  Now we're talking about discovery. So we're going to
8  stick with your speedy trial issue. That's your motion.
9  So you have a speedy trial -- you have a speedy trial
10 motion, that's what you've got, a motion to dismiss for
11 speedy trial. And what you're telling me now is the
12 state hasn't complied with discovery. So this --

13         MR. WILLIAMS: Correct.

14         THE COURT: -- can be two separate
15 things.

16         MR. WILLIAMS: Well, it's considered
17 obstruction of justice. That's what I'm lamenting, not
18 that they didn't comply; it's that they don't want to --
19 they don't want to comply, Your Honor, and they've
20 proven themselves by not wanting to comply on numerous
21 occasions.

22         THE COURT: All right. If that's your
23 position, then you need to prove relevance to the court.
24 If you want those documents, you need to prove relevance
25 to the court for those documents to be absolutely

19

1  necessary for you to proceed to go to trial.  You need

2  to prove relevance.

3                    MS. MILLER:  Judge, I'm going --

4                    THE COURT:  Right now -- I'm sorry?

5                    MS. MILLER:  Object that that's outside

6  the scope of this hearing.

7                    THE COURT:  Well, okay.  Look,

8  Ms. Miller, you know, he's pro se, okay?

9                    MS. MILLER:  All right.

10                    THE COURT:  And what I think he's saying

11  is that you all have delayed his ability to go to trial

12  because you didn't give him these documents.  All right?

13  So his lack of discovery has prevented him from getting

14  a speedy trial.  All right?

15                    So now I'm saying, if that is true, then

16  those documents have to have been relevant for that to

17  even be true.  And I'm asking for the relevance, because

18  these are military records, and unless you tell me this

19  happened some time during her military career or

20  happened on a military base, or I don't know, there has

21  to be some relevance to the documents for me to say that

22  you didn't give him discovery that he should have had.

23                    MR. WILLIAMS:  I have the relevance.

24                    THE COURT:  Yeah, tell me what it is.

25                    MR. WILLIAMS:  In the same documentation

20

1  that you were researching, the exhibits, I also had some

2  papers called complainant -- by Dana -- of Dana Howard

3  Peters Barnes' history of moral turpitude.

4          THE COURT:  Where is that?  What number?

5          MR. WILLIAMS:  That's -- it's not a

6  number on the speedy trial, it's where you located the

7  section entitled Exhibits.  And this section is entitled

8  Complainant Dana Howard Peters Barnes' history of moral

9  turpitude.

10         THE COURT:  I am looking through that

11 entire section page by page.  So it was not in that

12 section, the section you're talking about.  And there's

13 a case Houser -- State versus Houser.  There is some

14 attachment showing what's a crime of moral turpitude,

15 and then there's a divorce decree.

16         MR. WILLIAMS:  Yes.

17         THE COURT:  So what does this have to do

18 with the allegation against you?  This divorce decree

19 was in 2012, and I don't see anything in here that -- go

20 ahead.

21         MR. WILLIAMS:  No, I'm sorry.  Go ahead.

22         THE COURT:  No, no, go ahead.

23         MR. WILLIAMS:  The relevance is in the

24 third paragraph of the divorce decree.  I'm showing --

25         THE COURT:  Of the what?

1           MR. WILLIAMS:  I'm showing relevance that
2 she has a pattern of family violence, and if I can --
3 and showing that she has a pattern of family violence
4 and she's been participating in family violence, then
5 the military's going to probably show family violence,
6 as well, if there's a pattern that is --

7           THE COURT:  You cannot -- let me explain
8 to you, this is what you cannot do.  You cannot go on
9 fishing expeditions.  You have to have some reason to
10 tell me that you know this is going to be relevant, when
11 this is from 2012.  It's a divorce decree, and it's
12 information on what is a crime of moral turpitude.

13           So I'm not going to find that this is
14 relevant.  I'm not going to find that this form that you
15 want -- SF180 form is relevant.  Not at this point,
16 based on what you're telling me.  So --

17           MR. WILLIAMS:  I --

18           THE COURT:  -- you have to establish
19 relevance, and I'm telling you that everything you've
20 said so far does not establish relevance to your case.

21           MR. WILLIAMS:  I'm -- that's just the
22 beginning of my relevance.  If I may please proceed --

23           THE COURT:  Go ahead, please.

24           MR. WILLIAMS:  I have something here that
25 I wanted to refer to, if you could allow me a minute,

BiAS AND PredjudiceD
DemeANOR

22

1  please.

2              THE COURT:  Go ahead.

3              MR. WILLIAMS:  Please, just a second.

4  Okay.  All right.  Ms. Barnes stated to both myself

5  and --

6              THE COURT:  Do you understand what I'm

7  saying?

8              MR. WILLIAMS:  Ms. Barnes, the

9  complainant, stated to me that she was -- she was gang

10 raped while she was serving in the military.  She stated

11 she --

12             MS. MILLER:  Objection, hearsay, Judge.

13             THE COURT:  Sustained.  That's sustained,

14 sir.  That's sustained.

15             MR. WILLIAMS:  She admitted the same

16 statement --

17             MS. MILLER:  Objection.  Hearsay.

18             THE COURT:  That's sustained.

19             MR. WILLIAMS:  Her relevance -- it

20 appears that under the rules of evidence, this

21 information is allowed to be admitted --

22             THE COURT:  Which rule of evidence -- to

23 which rule of evidence are you referring?

24             MR. WILLIAMS:  Rule 412, Texas Rule of

25 Evidence 412, section B, exceptions for specific

1  instances.

2          THE COURT:  Do you see how it says that

3  the following evidence is not admissible?

4          MR. WILLIAMS:  Section B says evidence of

5  specific instances of victims' past sexual behavior is

6  admissible.

7          THE COURT:  If the court admits it, if

8  it's related to the victim's motive or bias, or is

9  admissible under 609.

10          MR. WILLIAMS:  It is admissible under

11  609, section 2, for any crime, regardless of the

12  punishment, the evidence must be admitted if the court

13  can readily determine that establishing the elements of

14  the crime required proving or the witnesses as being a

15  dishonest act or false statement, Your Honor.

16          THE COURT:  609 has to do with criminal

17  convictions.  Are you saying she was convicted of a

18  criminal offense?

19          MR. WILLIAMS:  I'm saying she was

20  involved in one in the military, your Honor.

21          THE COURT:  That's not -- you're not

22  referring to the section that would apply to that,

23  because this specifically says, impeachment by evidence

24  of a criminal conviction.  So move on.

25          MR. WILLIAMS:  The fact remains that her

24

1  stating that she --

2                MS. MILLER:  Objection.  Hearsay.

3                THE COURT:  All right.  So you cannot

4  repeat -- it is not admissible evidence just to repeat

5  what other people say.  That's called hearsay.

6                MR. WILLIAMS:  Okay.  Then how can a --

7  how can my request for continuance be overruled when

8  Judge Ramsey already authorized this continuance in its

9  exactness?  Why are we trying to --

10               THE COURT:  Okay.  So either you wanted

11 to go to trial -- Mr. Williams, either you wanted to go

12 to trial or you didn't.  And this document shows that

13 you did not want a trial, and Judge Ramsey -- that's all

14 it says is that Judge Ramsey said, okay, you don't have

15 to go to trial right now.  That's what it says.  It

16 doesn't say anything else.  It doesn't order the

17 state -- there is no other order, there's no order in

18 here ordering the state to provide any evidence, any

19 specific evidence.  It says nothing like that.  And all

20 it does say is that your motion -- the defendant's

21 motion for continuance is granted.  So that's all he

22 said.  That's all he did was grant that motion.

23               MR. WILLIAMS:  So therefore am I to

24 believe that Richard Langlois failed to -- to allow the

25 documents that I gave him to be admitted into evidence

25

1  so that way it was very clear and understood by the

2  state that the information that I requested is why it

3  was the basis of the continuance?

4          THE COURT:  That is outside the scope of

5  this hearing.  Whatever your attorney decided

6  strategically to do or not to do or to present to the

7  court is outside the scope of this hearing, period.  You

8  were given a continuance.  You were given two

9  continuances based on what I'm seeing, so proceed.

10          MR. WILLIAMS:  It is -- it is very

11 difficult for me -- well, it is very difficult for me to

12 understand the fairness here, when Judge Ramsey knew

13 exactly the reasons for his continuance grants.  For him

14 to --

15          THE COURT:  Do you have the transcript?

16 Do you have the transcript from that day?

17          MR. WILLIAMS:  No, but to my

18 recollection, both you and him -- you represented the

19 state at that time --

20          THE COURT:  I did not, no.  Mr. Williams,

21 I did not.  This is a family violence case.  I was not a

22 family violence prosecutor.  I never was.  And if you

23 think there's some kind of conflict, we're solving this

24 right now, stopping this right now, and I'm sending you

25 to another court.  Because I was not a family violence

1 prosecutor, and if you think I was the one standing up

2 there, you are sorely mistaken.  You are sorely

3 mistaken, sir.  If you think there's a conflict, you're

4 going to another court right now.  Is that what you

5 want?

6         MR. WILLIAMS:  Yes, I'd like to go to

7 another court, please.

8         THE COURT:  All right, then, we're

9 suspending this hearing.

10         Kayleen, we're going to need to just go

11 ahead and get the transcript for the next court, and you

12 can proceed in front of another judge.  But I can

13 guarantee you that I wouldn't have started this

14 hearing -- I would never have started this hearing if I

15 had a conflict on this case.  I've never seen your case,

16 I've never touched it, until I came in here as the

17 judge.  But I'm going to send it on to another court,

18 because I'm not going to have a record reflect that you

19 think there's a conflict, and then I proceeded.  So

20 you're going to another court.  I don't know when you're

21 going to get transferred, but I do want this on the

22 record, Kayleen.

23         I don't know when you're going to get

24 transferred.  I'm going to put in an order requesting a

25 transfer.  I don't know to which judge you are going.

1   That is not something that anybody can tell you right
2   now, and I cannot tell you when you're going to get
3   access to another hearing.  That's going to be
4   completely up to the next judge.
5              So we're suspending this hearing.  I'm
6   going to do a motion for recusal -- volunteered recusal,
7   and you can proceed in front of someone else.  Good luck
8   to you, sir.
9              MR. WILLIAMS:  Very well.  Thank you,
10  Your Honor.  Am I dismissed from this hearing?
11             THE COURT:  Yes, you are.  You're going
12  to be getting a letter from another court.  You're going
13  to be getting a summons to come to court, and then they
14  can figure out where to go from there.
15             MR. WILLIAMS:  Very well, Your Honor.
16             THE COURT:  I think that's it, folks.
17             (Proceedings adjourned.)
18
19
20
21
22
23
24
25

1  STATE  OF TEXAS

2  COUNTY OF BEXAR

3

4      I, Kayleen Rivera, Certified Court Reporter in

5  and for Bexar County, State of Texas, do hereby

6  certify that the above and foregoing contains a true

7  and correct transcription of the proceedings

8  requested in the above-styled and numbered cause, all

9  of which were reported by me.

10      I further certify that this Reporter's Record

11  truly and correctly reflects the exhibits, if any,

12  offered by the respective parties.

13      I further certify that the total cost for the

14  preparation of this Reporter's Record was paid by Mr.

15  John Williams.

16      To which I certify on this the 28th day

17  of October, 2020.

18

19

20              /s/ Kayleen Rivera
               Kayleen Rivera, CSR 5364
21             Official Court Reporter
               County Court 5
22             Cadena-Reeves Justice Center
               San Antonio, Texas 78205
23             Telephone:  210-335-1192
               Exp:  12-31-2018
24             krivera@bexar.org

25

# Priv Adm and OAE of a JP (08/31/15)

Home   Discipline   Private Sanctions   FY 2015   Priv Adm and OAE of a JP (08/31/15)

## PRIVATE ADMONITION AND ORDER OF ADDITIONAL EDUCATION OF A JUSTICE OF THE PEACE (08/31/2015)

Search 🔍

The judge failed to comply with the law and failed to maintain professional competence in the law when the judge deprived a litigant of his right to a hearing on the Sworn Statement of Inability to Pay and incorrectly advised him that there was "not time for a hearing." Courts have held that denying a party any of his core constitutional rights, such as the right to be heard constitutes egregious legal error. [Violation of Canons 2A and 3B(2) of the Texas Code of Judicial Conduct.] *Private Admonition and Order of Additional Education of a Justice of the Peace. 08/31/2015.*

OLDER

| Mailing Address | Physical Address | Phone | Finance |
|---|---|---|---|
| P.O. Box 12265 | 300 West 15th Street | Main: 512-463-5533 | |
| Austin, Texas 78711 | Austin, Texas 78701 | Toll Free: (877) 228-5750 | |
| | | Fax (512) 463-0511 | |

7/17/20   Sat Jul 18
Title XII - Appendix of Forms [Abrogated] | 2021 Federal Rules of Civil Pro...
Not Secure — scjc.texas.gov
Priv OAE of a JP (01/03/17)
AA

# Priv OAE of a JP (01/03/17)

Home   Discipline   Private Sanctions   FY 2017   Priv OAE of a JP (01/03/17)

## PRIVATE ORDER OF ADDITIONAL EDUCATION OF A JUSTICE OF THE PEACE (01/03/17)

01/03/2017

The judge failed to comply with the law and demonstrated a lack of professional competence in the law when he failed to set and conduct an examining trial despite repeated requests by the defendant's attorney. The judge's failure to conduct the requested examining trial was inconsistent with the proper performance of his judicial duties. [Violation of Canons 2A, 3B(2) of the Texas Code of Judicial Conduct and Article V, Section 1-a(6)(a) of the Texas Constitution.] *Private Order of Additional Education of a Justice of the Peace. 01/03/17.*

9.

Search

OLDER

NEWER

Mailing Address
P.O. Box 12265
Austin, 78711

Physical Address
300 West 15th Street
Austin, Texas 78701

Phone
Main: (512) 463-5533
Toll Free: (877) 228-5750
Fax: (512) 463-0511

Finance
Where the Money Goes
Legislative Appropriations Request
Operating Budget

Resources
Site Index
Texas.gov
TRAIL
Texas.gov

# Priv Warn and OAE of MU Judge. (05/15/14).

Home  Discipline  **Private Sanctions**  FY 2014  Priv Warn and OAE of MU Judge. (05/15/14).

Search

## PRIVATE WARNING AND ORDER OF ADDITIONAL EDUCATION OF A MUNICIPAL COURT JUDGE. (05/15/14).

05/15/2014

The judge failed to comply with the law and demonstrated a lack of professional competence in the law when she failed to schedule a trial after the defendant entered a not guilty plea and expressly requested a jury trial. Additionally, the judge failed to respond to the defendant's motion to compel discovery and request for a speedy trial, and further failed to respond to the prosecutor's request to set the defendant's motion for hearing, thereby depriving the defendant of his right to be heard. The judge also engaged in an improper ex parte communication with the prosecutor. [Violation of Canons 2A, 3B(2), 3B(8) and 6C(2) of the Texas Code of Judicial Conduct.] *Private Warning and Order of Additional Education of a Municipal Court Judge. (05/15/14).*

OLDER

Mailing Address
P.O. Box 12265
Austin, Texas 78711

Physical Address
300 West 15th Street
Austin, Texas 78701

Phone
Main: (512) 463-5533
Toll Free: (877) 228-5750
Fax: (512) 463-0511

Finance
Where in Money Goes
Legislative Appropriations Requests
Operating Budgets

Resources
Site Policies
Texas Homeland Security

NEWER

# Priv Warn of DI (09/13/11).

Home  Discipline  Private Sanctions  FY 2012  Priv Warn of DI (09/13/11).

OLDER

## PRIVATE WARNING OF A DISTRICT JUDGE. (09/13/11).

09/13/2011

The judge failed to perform his judicial duties without bias, or prejudice by participating in improper ex parte communications with Defense counsel and with the Defense's expert witness. Relying on the information obtained ex parte from the expert, who alleged that a party to the litigation had engaged in fraudulent conduct, the judge undertook the role of investigator or special prosecutor in an effort to ferret out whether the party had committed fraud. Once the judge became embroiled in the parties' discovery dispute, he created a strong perception that he could not be a fair and impartial arbiter in the case. (Violation of Canon 3B(8) of the Texas Code of Judicial Conduct.) *Private Warning of a District Judge.* (09/13/11).

//.

Search

| Mailing Address | Physical Address | Phone | Finance | Resources |
|---|---|---|---|---|
| P.O. Box | 300 West 15th Street | Main: (512) 463-5533 | Where the Money Goes | What's New |
| | Austin, Texas 78701 | Toll Free: (877) 228-5750 | Legislative Appropriations Request | Staff News |
| | | Fax: (512) 463-0511 | Operating Budget | |

NEWER

9:01 PM  Sat Jul 10

Not Secure — scjc.texas.gov

☆ Priv Reprimand and OAE of CCL (10/11/17)

Title XII - Appendix of Forms [Abrogated] | 2021 Federal Rules of Civil Pro...

State Commission on Judicial Conduct    Home    Discipline    Opinions    Public Information Request    FAQ

# Priv Reprimand and OAE of CCL (10/11/17)

Home    Discipline    Private Sanctions    FY 2018    Priv Reprimand and OAE of CCL (10/11/17)

PRIVATE REPRIMAND AND ORDER OF ADDITIONAL EDUCATION OF A COUNTY COURT LAW JUDGE (10/11/17)

The judge failed to timely execute the business of his court by not entering a final judgment in a family law case for approximately twenty-two months after he had presided over a final hearing in the case. [Violation of Article V, Section 1-a(6)A of the Texas Constitution and Section 33.001(b) of the Texas Government Code.] *Private Reprimand and Order of Additional Education of a County Court at Law Judge.* 10/11/17.

Search

OLDER

12:

NEWER

Physical Address
309 West 15th Street
Austin, Texas 78701

Phone
Main: 512-463-5533

8:46 PM  Sat Jul 10

Title XII - Appendix of Forms [Abrogated] | 2021 Federal Rules of Civil Pro...   ☒    ☆ Priv Rep of JP (10/3/18)

Not Secure — scjc.texas.gov

# Priv Rep of JP (10/3/18)

Home   Discipline   Private Sanctions   FY 2019   Priv Rep of JP (10/3/18)

Home   Discipline   Options   Public Information   ...

Search

## PRIVATE REPRIMAND OF A JUSTICE OF THE PEACE (10/3/18)

10/03/2018

The judge failed to hear and decide matters assigned to him, and displayed willful or persistent conduct that was clearly inconsistent with the proper performance of his duties by failing to timely attend and execute the business of his court. [Violations of Canon 3B(1) of the Texas Code of Judicial Conduct and Article V, Section 1-a(6)A of the Texas Constitution.] *Private Reprimand of a Justice of the Peace,* 10/3/18.

13.

NEWER



# BEFORE THE STATE COMMISSION
# ON JUDICIAL CONDUCT

---

## CJC NOS. 19-1453 & 19-1693

---

# PUBLIC ADMONITION
# AND
# ORDER OF ADDITIONAL EDUCATION

### HONORABLE WAYNE A. CHRISTIAN
### COUNTY COURT AT LAW NO. 6
### SAN ANTONIO, BEXAR COUNTY, TEXAS

During its meeting on February 5-7, 2020, the State Commission on Judicial Conduct concluded a review of the allegations against the Honorable Wayne A. Christian, County Court at Law No. 6, San Antonio, Bexar County, Texas. Judge Christian was advised by letter of the Commission's concerns and provided a written response. After considering the evidence before it, the Commission enters the following findings and conclusions:

### FINDINGS OF FACT

1.  At all times relevant hereto, the Honorable Wayne A. Christian was Judge of County Court at Law No. 6 in San Antonio, Bexar County, Texas.

2.  Allison Michelle Jacobs was convicted of Driving While Intoxicated, and Judge Christian placed her on community supervision/probation in Cause Number 544462.

3.  On October 1, 2018, Judge Christian held a hearing on the State's third Motion to Revoke Probation.

4.  Although prosecutors were present at the revocation hearing, they remained silent and did not participate in the hearing, as was customary for revocation hearings in Judge Christian's court.

5.  Judge Christian called the case, and Jacobs pled not true. The probation officer, who was not duly sworn, advised the court that Jacobs had three positive drug tests for methamphetamine.

14a.

6.    In response, Defense counsel asserted that Jacobs denied taking methamphetamine, but that she had been taking diet pills and offered to put on testimony from Jacobs's mother, who was present, that Jacobs did not exhibit any signs of taking methamphetamine.

7.    Judge Christian granted the State's motion to revoke probation and sentenced Jacobs to one year in jail. Defense counsel asked for contested hearing, but Judge Christian denied the request.

8.    Jacobs appealed the judgment revoking her probation and filed a motion for reasonable bond pending appeal.

9.    On June 12, 2018, the 4th Court of Appeals reversed the judgment of the trial court and remanded for further proceedings. The appellate court held that Judge Christian deprived Jacobs of due process, including her right to disclosure of the evidence against her, an opportunity to be heard, present evidence and cross-examine witnesses, and a neutral and detached hearing body, and that Judge Christian abused his discretion in acting arbitrarily as a surrogate for the State and by failing to conduct a contested hearing on the State's motion to revoke.

10.   In his written responses to the Commission, Judge Christian believed that the hearing was uncontested or informal, and explained the revocation hearing procedure he used in Jacobs was the same he used for 15 years which was fundamentally the same as used by several other county court at law judges.

11.   Judge Christian stated that, in retrospect, when counsel objected, he should have stopped the proceedings, considered the matter a miscommunication or misunderstanding with defense counsel, and conducted a formal contested revocation hearing.

12.   Believing defense counsel would seek review of his bail order by writ of habeas corpus, Judge Christian instructed defense counsel to ask the criminal district judge to set an appeal bond for Jacobs, however, the record does not include a referral of the appeal bond matter to a district judge. Instead, the record includes an order from Judge Christian denying the motion for an appeal bond, which was reviewable by a district judge through an application for a writ of habeas corpus. Defense counsel filed an application for a writ of habeas corpus, and a district judge set the amount of bail pending appeal.

13.   As a result of the case and the opinion of the 4th Court of Appeals, Judge Christian changed his procedure for revocations hearings, and clarified the policy and procedures for contested and uncontested motions to revoke probation hearings in his court. In future revocation hearings in his court, the probation officer will be sworn, and the State and defense will be allowed to present evidence, cross-examine witnesses, and recommend an outcome.

## RELEVANT STANDARD

1.    Canon 2A of the Texas Code of Judicial Conduct provides that a judge shall comply with law.

2.    Canon 3B(8) of the Texas Code of Judicial Conduct provides that a judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

3.    In a probation revocation hearing, due process requires, among other things, disclosure to the probationer of the evidence against her, an opportunity to be heard and to present witnesses and evidence, and a neutral and detached hearing body. *Tapia v. State*, 462 S.W.3d 29, 41-42 (Tex. Crim. App. 2015) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). "The proceeding to

*146.*

2

revoke probation, although not the same as a criminal trial, requires substantially all the same procedure. ... An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable." *Whisenant v. State*, 557 SS.W.2d 102, 104-05 (Tex. Crim. App. 1977). A probation revocation hearing is a judicial proceeding, to be governed by the rules established to govern judicial proceedings, and the Texas Rules of Evidence apply to a Texas probation revocation hearing. *Ex parte Doan*, 369 S.W.3d 205, 210, 211 (Tex. Crim. App. 2012). "Before testifying, a witness must give an oath or affirmation to testify truthfully." Tex. R. Evid. 603.

4.    "Pending ... the appeal from any misdemeanor conviction, the defendant is entitled to be released on reasonable bail." Tex. Code Crim. Proc. Art 44.04(a).

## CONCLUSION

Based upon the record before it and the factual findings recited above, the Texas State Commission on Judicial Conduct has determined that the Honorable Wayne A. Christian, County Court at Law No. 6, San Antonio, Bexar County, Texas, should be publicly admonished for failing to have a witness sworn, denying the State the opportunity to be heard on the motion to revoke, denying the defendant the right to present evidence, and denying bail pending appeal, in violation of Canon 2A and Canon 3B(8) of the Texas Code of Judicial Conduct.

Pursuant to this Order, Judge Christian must obtain **two hours** of instruction, in addition to his required judicial education for Fiscal Year 2020. In particular, the Commission desires that Judge Christian receive this additional education in the area of criminal procedure, specifically regarding probation revocations and appeal bonds.

Judge Christian shall complete the additional **two hours** of instruction recited above within **sixty days** from the date of the Commission's final order. It is Judge Christian's responsibility to schedule the additional education.

The Commission has taken this action pursuant to the authority contained in Article V, §1-a of the Texas Constitution in a continuing effort to promote confidence in and high standards for the judiciary.

Issued this the 12th day of August, 2020.

_Dandl Hall_
Honorable David C. Hall
Chairman, State Commission on Judicial Conduct

*14c.*

3



# BEFORE THE STATE COMMISSION
# ON JUDICIAL CONDUCT

## CJC No. 19-0833

# PUBLIC ADMONITION

### HONORABLE MARK LUITJEN
### SENIOR DISTRICT JUDGE, SITTING BY ASSIGNMENT
### SAN ANTONIO, BEXAR COUNTY, TEXAS

During its meeting on August 5-6, 2020, the State Commission on Judicial Conduct concluded a review of the allegations against the Honorable Mark Luitjen, Senior District Judge, Sitting by Assignment, San Antonio, Bexar County, Texas. Judge Luitjen was advised by letter of the Commission's concerns and provided a written response.

### BACKGROUND

On August 31, 2018, Judge Luitjen held a hearing on the defendant's motion to withdraw the plea and for new trial in Cause Nos. 2017-CR-7980 & 2017-CR-12813, each styled *State of Texas v. Gary Davis Garretson*, (the "Garretson Case") in the 399th Judicial District Court of Bexar County, Texas (the "August 31st Hearing"). During the hearing, Judge Luitjen expressed concern about whether he had jurisdiction to rule on the motion for new trial, given the passage of time. The judge indicated he would need to look at the legal authority provided by defense counsel and do some research on his own, then recessed the hearing for about 45 minutes.

Defense counsel was not in the courtroom during the recess. The transcript from the August 31st Hearing indicates Judge Luitjen stated that during the recess, he asked someone to call a person from the District Attorney's Office to come to the courtroom to discuss the jurisdictional issue.[1] The transcript further demonstrates that during the recess Judge Luitjen consulted with the Chief of the Criminal Trial Division of the District Attorney's Office, Jay Norton, who relayed a message to the judge that the Chief

---

[1] While the transcript indicates the judge asked a person named "Pam" to make this call, in his written responses to the Commission Judge Luitjen explained he did not know of any person assigned to the court by that name, he believed this to be a mistake in the transcript, and he had actually asked the prosecutor handling the case, Evan Patterson, to make the call.

15a

of the appeals section of the District Attorney's Office, Enrique "Rico" Valdez, agreed with the judge's belief that he did not have jurisdiction in the matter.

When the hearing reconvened, Judge Luitjen announced that he had consulted with Mr. Norton, who had consulted with Mr. Valdez, and that the State had indicated to him it believed he was correct regarding the court's lack of jurisdiction in the matter. At that point defendant's counsel expressed concern regarding what he perceived to be improper *ex parte* communications between Judge Luitjen and the State. Judge Luitjen then expressed his belief that he could consult with anyone he wanted to in talking about a case or researching the law, including the District Attorney's Office.

In his written responses to the Commission, Judge Luitjen explained he did not believe he had initiated an improper *ex parte* communication, because he had only requested that someone from the District Attorney's Office's appellate section come to court to participate in the hearing. The judge also stated he did not believe he had permitted an improper *ex parte* communication on the part of Mr. Norton, as he did not know Mr. Norton was even aware of the issues. Further, while the judge stated he did not intend to confer with anyone until all parties were present once the hearing was reconvened, he acknowledged that defendant's counsel was not present in the courtroom when Mr. Norton relayed the message from Mr. Valdez, though he noted he believes the defendant was present in the jury box. Finally, Judge Luitjen stated he did not consider the communication in making his decision, as he had already concluded he lacked jurisdiction. There is no indication Judge Luitjen admonished the State for communicating with him about the merits of a pending motion outside the presence of defense counsel.

After considering the evidence before it, the Commission enters the following Findings and Conclusion:

## FINDINGS OF FACT

1. At all times relevant hereto, the Honorable Mark Luitjen was a Senior District Judge, Sitting by Assignment, in San Antonio, Bexar County, Texas.

2. Judge Luitjen initiated an *ex parte* communication with the State concerning the merits of defendant's motion at the August 31st Hearing when, at a recess and out of the presence of defendant's counsel, he asked Mr. Patterson to get someone from the District Attorney's Office's appellate section to come to court to discuss the merits of the motion.

3. Judge Luitjen permitted an *ex parte* communication with the State concerning the merits of defendant's motion at the August 31st Hearing when, during the recess and out of the presence of defendant's counsel, he permitted Mr. Norton to relay Mr. Valdez's belief that the court did not have jurisdiction to rule on the motion.

4. When Judge Luitjen reconvened the August 31st Hearing, while he immediately disclosed the *ex parte* communications, he did not admonish the State regarding those communications, nor did he announce he would not consider such communications.

5. Judge Luitjen believed he could contact anyone regarding defendant's motion or researching the law with respect to defendant's motion.

## RELEVANT STANDARD

Canon 3B(8) of the Texas Code of Judicial Conduct states, in relevant part: "A judge shall not initiate, permit, or consider *ex parte* communications or other communications made to the judge outside

15b

the presence of the parties between the judge and a party, [or] an attorney...concerning the merits of a pending or impending judicial proceeding."

## CONCLUSION

Based upon the record before it and the factual findings recited above, the Texas State Commission on Judicial Conduct has determined that the Honorable Mark Luitjen, Senior District Judge, Sitting by Assignment, San Antonio, Bexar County, Texas, should be publicly admonished for initiating and permitting improper *ex parte* communications with the State concerning the merits of defendant's motion to withdraw the plea and for new trial in the Garretson Case, in violation of Canon 3B(8) of the Texas Code of Judicial Conduct.

The Commission has taken this action pursuant to the authority contained in Article V, §1-a of the Texas Constitution in a continuing effort to promote confidence in and high standards for the judiciary.

Issued this the 4th day of December, 2020.

David Hall
Chairman, State Commission on Judicial Conduct

15c.



# STATE COMMISSION ON JUDICIAL CONDUCT

### PUBLIC STATEMENT
### No. PS-2000-1

As a result of recent complaints concerning judges who also serve as active law enforcement officers, the State Commission on Judicial Conduct believes that the interests of the judiciary and the public would be best served by issuing this public statement clarifying its position on the issue of whether a judicial officer may serve concurrently as judge and law enforcement officer. In expressing its condemnation of the practice, the Commission wishes to communicate to all members of the Texas judiciary its view that, by attempting to fulfill the requirements of both offices, a judge severely compromises the impartiality and independence of the judicial office.

In issuing this Public Statement, the Commission recognizes the existence of Attorney General Letter Opinion No. 92-35 (1992), which discusses the legality of serving in both roles. However, the Commission notes that an act that is legal is not necessarily an act that is ethical. Judges are members of the judicial branch of our government. Law enforcement officers are part of the executive branch. Each branch is separate from, but co-equal with, the other. Therefore, the Commission concludes that any judge who attempts to serve both branches cannot accomplish the task without impairing the effectiveness of one or both positions.

What remains the guiding factor in this analysis is the public's trust in the ability of a judge to remain impartial and fair while conducting judicial business. It is the opinion of this Commission that anyone who tries to serve the public as both judge and law enforcement irrevocably undermines the public's confidence in an impartial and independent judiciary. The Commission adopts this position without regard for whether an individual performs the dual roles in the same county or in two separate counties.

The Commission issues this public statement pursuant to the authority granted to it by Article V, Section 1-a(10) of the Texas Constitution.

This public statement is intended to help preserve the integrity of all judges in the State of Texas, to promote public confidence in the judiciary, and to encourage judges to maintain high standards of professional conduct.

Signed this 24ᵗʰ day of March, 2000.

_____
Honorable William G. Arnot, Chairman
State Commission on Judicial Conduct

16.

*In A proceeding, The STATE OF TEXAS IS A client!*



# STATE COMMISSION ON JUDICIAL CONDUCT

## PUBLIC STATEMENT
### No. PS-2013-1

### Background

In January 2013, the State Bar of Texas Judicial Ethics Advisory Committee issued Ethics Advisory Opinion No. 296, in response to an inquiry from a Galveston County Court at Law Judge concerning a Galveston County policy that allowed a part-time family law judge to practice law in the other courts in the county. In the Opinion, the committee found that a part-time family law judge should not "represent clients before any court of the county in which he or she is appointed," and in certain circumstances, should not represent clients "before courts in counties surrounding the county in which he or she is appointed" if those courts are "subject to the appellate jurisdiction of the court which he or she serves."

On February 20, 2013, relying on the rationale set forth in Ethics Advisory Opinion No. 296, the Bexar County District Attorney sent a letter to the local presiding Bexar County Criminal District Judge, in which she advised the judges of the Bexar County Criminal District Courts that the continued practice of law by the part-time Bexar County Magistrate Judges was in violation of the Texas Code of Judicial Conduct. A similar letter was sent to the Presiding Magistrate Judge in Bexar County, requesting that action be taken to prevent the part-time magistrates from practicing law. In both letters, the District Attorney suggested that her office would be forced to take action if the concerns expressed in the letters were not immediately addressed.

The letters from the District Attorney raised concerns among the part-time Magistrate Judges that their continued representation of clients before the Bexar County courts would be a violation of the Texas Code of Judicial Conduct and could result in disciplinary action by the Commission. It likewise raised concerns among the District Judges that if they did not report a violation of the Code by a part-time Magistrate Judge who appears before them representing a client, they too would be in violation of the Code and could be disciplined by the Commission.

The district judges were also concerned that other counties, such as Hidalgo County, Nueces County, and Harris County, who modeled their magistrate systems after the Bexar County magistrate system,[1] would be facing similar problems based on the District Attorney's interpretation of Advisory Opinion No. 296.

---

[1] The part-time magistrate judges in Bexar County do not "serve" the Criminal District Courts; instead, they are appointed by the district judges pursuant to section 54.901 of the Texas Government Code, and are subject to the

1

*17a.*

## Statement

The Commission does not issue written advisory opinions analyzing or interpreting the Texas Code of Judicial Conduct. However, the Commission may instruct the judiciary and the public regarding the provisions of the Code through public or private sanctions or, under certain conditions, through a public statement. Written advisories issued by the State Bar Judicial Ethics Advisory Committee are not binding on the Commission.[2]

Without commenting on the merits of Advisory Opinion No. 296, it is the Commission's position that the part-time magistrates in Bexar County are permitted under the Code[3] to represent criminal defendants, other than those they have magistrated, in the Bexar County courts. None of the matters before the Bexar County magistrate judges are referred to them by the district judges; the part-time magistrate judges are performing functions in matters before the jurisdiction of the district court attaches; the duties and authority of the magistrate judges, which are found in the Texas Code of Criminal Procedure, are wholly independent and distinct from those pertinent to the District Courts or the County Courts; the magistrate judges cannot rule on the merits of any matter before them other than to determine if probable cause exists to arrest and confine an individual; and without the necessity of a referral, magistrate judges can issue search warrants, arrest warrants, and protective orders, none of which constitute a final adjudication of any aspect of the case.

Canon 6D(1) of the Texas Code of Judicial Conduct requires part-time magistrate judges to comply with all Canons except Canons 4D(2), 4E, 4F, 4G or 4H. Canon 4G prohibits judges from practicing law "except as permitted by statute or this Code." Under Canon 6D(1), part-time magistrates are specifically allowed to practice law. Canon 6D(2), which advises part-time judges not to "practice in the court which he or she serves or in any court subject to the appellate jurisdiction of the court which he or she serves, or act as a lawyer in a proceeding in which he or she has served as a [part-time judge], or in any other proceeding related thereto," is aspirational.[4]

Neither the part-time Bexar County Magistrate Judges nor the Bexar County Criminal District Judges are in violation of the Texas Code of Judicial Conduct based solely on the fact that the part-time magistrates are representing criminal defendants, other than the ones they have magistrated, before the district court judges. The part-time magistrates do not "serve" the district

---

consent and approval of the Bexar County Commissioners Court. As a result, the magistrates serve Bexar County, not the district courts, and do not work for any of the district judges.

[2] The Office of Court Administration, which publishes and maintains the Committee's advisory opinions on its website, expressly notes that, "Neither the oral advice of the Commission's attorneys nor the written opinions of the Committee are binding on the Commission itself in disciplinary proceedings."

[3] Canon 6D(1) of the Texas Code of Judicial Conduct provides that part-time magistrates are not required to comply with Canon 4G, the canon that prohibits judges from practicing law. Canon 6D(2) states that a part-time magistrate "should not practice law in the court which he or she serves or in any court subject to the appellate jurisdiction of the court which he or she serves, or act as a lawyer in a proceeding in which he or she has served as a…magistrate…or in any other proceeding related thereto."

[4] Pursuant to Canon 8B(2), certain canons (those containing "should" or "should not") are advisory in nature and cannot form the basis for a disciplinary action. Nevertheless, judges subject to the Code have a duty to comply with all canons, including those that contain aspiration goals, in order to maintain and promote public confidence in the integrity, impartiality, competence, and independence of the judiciary.

2

17b.

courts, do not practice law in the magistrate courts, and do not practice in a court subject to the appellate jurisdiction of the district courts.

The Commission issues this public statement pursuant to the authority granted to it by Article 5, Section 1-a(10) of the Texas Constitution, which provides that such action may be taken when sources other than the Commission cause notoriety concerning a judge or the Commission itself and the Commission determines that the best interests of a judge or of the public will be served by issuing the statement.

This public statement is intended to help preserve the integrity of all judges in the State of Texas, to promote public confidence in the judiciary, and to encourage judges to maintain high standards of professional conduct.

Signed this 29th day of April, 2013.

Tom Alan Cunningham

Tom Cunningham, Chair
State Commission on Judicial Conduct

17c.

9:40 PM  Sat Jul 10

Title XII - Appendix of Forms [Abrogated] [20...   Federal Rules of Civil Pro...   ✕   Priv Warn and OAE of a MU Judge (09/01/15)

AA

Not Secure — sjic.texas.gov

⟳  ⊙  ⤴  +  ⎙

☆  Priv Warn and OAE of a MU Judge (09/01/15)

# Priv Warn and OAE of a MU Judge (09/01/15)

Home  Discipline  Private Sanctions   FY 2016   Priv Warn and OAE of a MU Judge (09/01/15)

Discipline    FAQs    Judicial Resources

Search    🔍

## PRIVATE WARNING AND ORDER OF ADDITIONAL EDUCATION OF A MUNICIPAL COURT JUDGE 09/01/2015

09/01/2015

The judge failed to comply with the law and demonstrated a lack of professional competence in the law by enforcing local rules that unfairly punished defendants for the dilatory conduct of their attorneys and by enforcing such rules in an unreasonable, inconsistent, arbitrary and inflexible manner. The judge also failed to comply with the law and demonstrated a lack of professional competence in the law by intervening in a proceeding involving the judge's own recusal. [Violations of Canons 2A, 3B(2) and 3B(8) of the Texas Code of Judicial Conduct.] *Private Warning and Order of Additional Education of a Municipal Court Judge, 09/01/2015.*

18.

Mailing Address
P.O. Box 12265
Austin, Texas 78711-2265

Physical Address
300 West 15th Street
Austin, Texas 78701

Phone
Main (512) 463-5533
Toll Free (877) 228-5750

Finance
Wanda the Finway Gary

Resources
SHARE
YOUR

Legislative Appropriations Request

Title XII - Appendix of Forms [Abrogated] | 2021 Federal Rules of Civil Pro....    ✕    Priv Adm and OAE of a JP (4/18/18)

Not Secure — scjc.texas.gov

AA

Priv Adm and OAE of a JP (4/18/18)

Home   Discipline   Private Sanctions   FY 2018   Priv Adm and OAE of a JP (4/18/18)

PRIVATE ADMONITION AND ORDER OF ADDITIONAL EDUCATION OF A JUSTICE OF THE PEACE (4/18/18)

04/18/2018

The judge failed to comply with the law, failed to maintain professional competence in the law, and improperly failed to recuse himself in two criminal traffic cases he personally witnessed when he: (1) executed probable cause affidavits in both cases, ordered the arrests of both drivers, and magistrated both defendants; and (2) subsequently failed to recuse himself on both cases. [Violation of Canons 2A, 3B(1) and 3B(2) of the Texas Code of Judicial Conduct.] *Private Admonition and Order of Additional Education of a Justice of the Peace. 04/18/18.*

Discipline

Search

19.

OLDER

NEWER

Physical Address

Phone
Main (512)463-5533
Toll Free (877) 228-5750
Fax (512)463-0511